UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES MCNIEL, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3206 |
| | § | |
| GOLD & SILVER BUYERS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the court is plaintiff's motion for entry of final default judgment against defendant Gold & Silver Buyers, Inc. Dkt. 7. After reviewing the relevant filings and applicable law, the court is of the opinion that the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff worked as a sign spinner for defendant from May 7, 2012 to August 10, 2012, a period of 14 weeks. Dkt. 7, Ex. A. He worked 54 hours per week, and defendant failed to pay him overtime wages calculated at a lawful hourly rate plus time and a half overtime pay, as required by federal law. *Id.* Specifically, plaintiff alleges he was paid $10.00 per hour for all 54 hours per week. *Id.* Plaintiff asserts that defendant committed these actions willfully. Dkt. 1 at 3.

On October 31, 2013, plaintiff filed suit against defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for failure to pay plaintiff the applicable overtime rate. Dkt. 1. He seeks to recover overtime wages, liquidated damages, attorney's fees, and costs. *Id.* Personal service was effected on defendant on January 31, 2014. Dkt. 5. As of this date, defendant has not appeared or answered. Plaintiff now moves the court for entry of default judgment.

## II. ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55(a). Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.

Plaintiff properly served process on defendant's registered agent by personal service on January 31, 2014. The summons was addressed to Gold & Silver Buyers, Inc. and explained the consequences of not answering the complaint within twenty-one (21) days, pursuant to Federal Rule of Civil Procedure 12(a). Defendant has not answered or otherwise made an appearance. Plaintiff properly served his motion for final default judgment pursuant to Local Rule 5.5 by mailing copies to Gold & Silver Buyers, Inc.'s registered agent via first class and U.S. Certified Mail. Dkt. 7 at 10. Accordingly, defendant was properly served in this case both with process and plaintiff's motion for default judgment. Given defendant's failure to answer the complaint within twenty-one (21) days, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by plaintiff in this action.

In this case, plaintiff seeks actual damages for his unpaid overtime wages pursuant to 29 U.S.C. § 216(b). Additionally, he seeks liquidated damages in the amount equal to his unpaid overtime wages pursuant to § 216(b) because defendant's actions were willfully unlawful. Plaintiff additionally seeks attorney's fees and costs.

2

Specifically, plaintiff seeks $980.00 in unpaid overtime wages and liquidated damages in the same amount for a total principal amount of $1,960.00.  *See* Dkt. 7 at 3, Ex. A.  He also requests attorney's fees and costs in the amount of $4,325.00.  Dkt. 7 at 9, Ex. B.

The court finds that Gold & Silver Buyers, Inc.'s failure to answer or otherwise appear, within the time required by the Federal Rules, places it in default, and after reviewing the well-pleaded facts alleged in the complaint, entry default judgment is warranted.  By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established."  *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  The court, therefore, finds Gold & Silver Buyers, Inc. liable for unpaid overtime wages as requested in the plaintiff's motion for default judgment.  The court also finds Gold & Silver Buyers, Inc. liable for an equal amount of liquidated damages for its willful conduct, as established by the facts alleged in the complaint.

Further, regarding attorney's fees and costs, the FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006).  After reviewing plaintiff's counsel's declaration and supporting documents (Dkt. 7, Ex. B), and in light of the applicable law on fee award determinations, the court finds that plaintiff's requested fees and costs are reasonable and necessary.  Accordingly, the court will award plaintiffs $3,855.00 in attorney's fees and $470.00 in costs for a total fee award of $4,325.00.

### III. Conclusion

Plaintiff's motion for default judgment (Dkt. 7) is hereby **GRANTED**. The court will enter a separate final judgment consistent with this order.

It is so **ORDERED**.

Signed at Houston, Texas on September 16, 2014.

_____
Gray H. Miller
United States District Judge